cident the road was of a single track, with here and there side tracks called "sidings." A short distance west of Stormville station was a siding called "Stormville Long Siding." Before the train started eastward from a station three or four miles west of Stormville, an order had been given to the engineer and conductor of the train to meet a west-bound freight train known as "Extra 439" at Stormville long siding. The regulations of the defendant required extra 439 to take this siding and to leave the track clear for the train on which the intestate was at work. Extras were designated by the engine number, and this number, "Extra 439," referred to the engine number. This was commonly understood. When the train of the intestate approached the siding, those in charge of the train saw a locomotive engine detached at rest on the siding. They assumed and took it for granted that it was the locomotive engine of the train known as "Extra 439" which they were to meet there. They continued on their way, passed the siding, and just beyond it their train collided with train extra 439, and the intestate was killed.

At the close of the case the court, in response to motions by the defendant, directed a verdict for the defendant and ordered the exceptions to be heard in this court in the first instance. This disposition was made upon the ground that the proximate cause of the injury was the violation of a direct and specific order. In the language of Mr. Justice Burr, who presided:

"There was a direct and specific order given to the employés of this train to stop at that siding until another particular train, specified and described, had passed there. That order was disobeyed, and that was the disobedience of a fellow servant, for which the defendant is not responsible."

We are of opinion that the learned court made a correct disposition of the case. For aught that appears the collision would have been avoided if the engineer and conductor had obeyed the orders, which were clear, definite, and precise. Obedience to the orders—

"must be intrusted to the employés having charge of the trains. Such obedience is matter of executive detail, which, in the nature of things, no corporation, or any general agent of a corporation, can personally oversee, and as to which employés must be relied upon." Rose v. Boston & Albany R. R. Co., 58 N. Y. 217, 221; Slater v. Jewett, 85 N. Y. 61, 67, 39 Am. Rep. 627.

The rulings are sustained, and the motion for a new trial is denied, with costs. All concur.

(121 App. Div. 133)

BENNETT v. IRONCLAD MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

1. PATENTS—ROYALTIES—CONTRACTS—ACTIONS—SUFFICIENCY OF EVIDENCE.
   In an action to recover royalties on metal baskets manufactured by defendant, evidence examined, and *held* insufficient to sustain the finding that plaintiff was entitled to royalties on all the metal baskets manufactured by the defendant during a certain period of time.

2. SAME—PRESUMPTIONS AND BURDEN OF PROOF.
   Where plaintiff had patents on certain metal baskets, and gave defendant the exclusive right to manufacture this kind of basket on the payment of a certain royalty, no presumption arises that the baskets manu-

factured by the defendant were within the terms of the contract; but in, an action for the royalties the burden is on the plaintiff to show that the metal baskets which defendant manufactured were within the scope of his patents, and hence covered by the royalty contract.

McLennan, P. J., dissenting.

Appeal from Trial Term, Herkimer County.

Action by Lewis Bennett against the Ironclad Manufacturing Company to recover royalties on baskets manufactured by defendant. From a judgment for plaintiff, and from an order denying defendant's motion to set aside the verdict and for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frederick Mellor, for appellant.
Everett E. Risley, for respondent.

ROBSON, J. That plaintiff's complaint states facts sufficient to constitute a cause of action against defendant has been determined by this court on an appeal by plaintiff from a judgment obtained at the Herkimer Trial Term in favor of defendant, which overruled a demurrer predicated on the ground that the complaint did not set forth facts sufficient to support the action which plaintiff sought to maintain. Bennett v. Ironclad Manufacturing Co., 110 App. Div. 443, 96 N. Y. Supp. 968. In the prevailing opinion, delivered on the former appeal, the allegations of the complaint are referred to at length, and it is unnecessary to restate them here.

Plaintiff was the owner of certain patents covering a certain kind of metal baskets, and in September, 1896, entered into an agreement with defendant, by which plaintiff gave defendant the exclusive right to manufacture these baskets, and defendant agreed to pay plaintiff a royalty of 10 cents for each basket it should manufacture under the permission of the agreement. Plaintiff, before the commencement of the present action, had recovered a judgment for the royalties unpaid at the time the first action was begun. The present action is brought to recover unpaid royalties on baskets manufactured by defendant after the commencement of the first action. The action was begun by the service of a summons without a complaint, and plaintiff, shortly after the service of the summons, obtained an order requiring defendant to make discovery of its books of account, by producing or depositing with the clerk of Herkimer county all books of entry kept by defendant containing entries of solid sheet metal baskets and pieced sheet metal baskets between the 30th day of September, 1902, and the 10th day of October, 1904, and books showing the whole number of baskets sold or offered for sale, or in defendant's possession, between said dates, and permitting plaintiff to examine said books and take extracts therefrom as to the number of baskets on hand, sold, or offered for sale, or in the possession of defendant between said dates. The order further provided that defendant, in lieu of making discovery of its books as aforesaid, might within 10 days from the service of the order serve upon plaintiff's attorneys a verified statement containing the "whole number of solid sheet metal baskets manufactured

and the whole number of pieced sheet metal baskets manufactured, and the date of said manufacture, between September 30, 1902, and the 10th day of October, 1904, and also containing a statement of the number of all baskets sold and the dates of such sales."

Availing itself of the option accorded to it by the order, defendant prepared a "statement of metal baskets of all kinds made and sold by Ironclad Manufacturing Company from the 30th day of September, 1902, to the 10th day of October, 1904," which was verified by its manager, in whose affidavit it is set forth that the statement "contains a true and correct statement of all the metal baskets of every kind and description manufactured and sold by" defendant between the specified dates. This statement gives the number of baskets in separate lists of "seamless" and "pieced" baskets, with the number of each kind manufactured each month during the period covered by the statement. The total number included in the statement is 6,441. After receiving this statement plaintiff prepared the complaint in this action, to which reference has been already made. Practically the single issue of fact, litigated in any way on defendant's answer, was whether the 6,441 seamless and pieced metal baskets set out in the statement, referred to above as having been manufactured by defendant between the dates covered by the statement, are within the terms of the contract. Defendant's answer expressly denies that they are. Plaintiff on the trial relied for proof of his cause of action upon the statement of defendant, taken in connection with the order pursuant to which the statement was furnished, together with the findings of the referee, judgment entered thereon, and proceedings taken in the former action on appeal in that action, all of which were introduced in evidence, as establishing an admission by defendant of plaintiff's cause of action for royalties on the 6,441 baskets. Defendant introduced no evidence, and the court directed a verdict for $644.10 in favor of plaintiff, which is the royalty upon that number of baskets at the rate specified in the contract.

The determination adversely to plaintiff of the question whether or not the statement of baskets manufactured by defendant, taken in connection with the other facts, circumstances, and conditions existing at the time the statement was made, and with the answer of defendant afterwards served, is an admission by defendant that the baskets listed in the statement were manufactured by it under the contract, and is decisive of defendant's right to a reversal of the judgment and order appealed from. It will be observed that no information is given as to the grounds upon which the order directing the defendant to make discovery of its books was made. The affidavits used on the application for the order were not offered in evidence, and therefore do not appear in the printed record on this appeal. While it may be inferred that the application for the order was made, and the order granted, for the purpose of furnishing plaintiff with facts as to the number of baskets manufactured by defendant during the period in question, in order that from the information thus obtained he might frame his complaint in the action, yet nowhere in the record does it appear that the defendant was required to furnish, or that it did in fact furnish, a statement of baskets it had manufactured, which either embodied

the special features or designs which were covered by plaintiff's patent, or which were within the terms of the contract it had with plaintiff, upon which plaintiff's action is founded. Defendant complied strictly with the terms of the option given it by the order, and gave plaintiff a statement of all metal baskets it had manufactured during the period in question. Defendant's answer, however, expressly denies that these baskets were within the terms of its contract with plaintiff. No information having been furnished from which we can determine either what are the special features in metal baskets which plaintiff's patents cover, or that the baskets, which defendant admits it made, did in fact embody these features; and, the case presented for our consideration showing simply that defendant has manufactured 6,441 metal baskets, in order to sustain the judgment we would necessarily be compelled to hold that all solid and pieced metal baskets, of whatever design or special construction, were covered by plaintiff's patents. Of that fact there is no evidence, and it undoubtedly is not the case. Besides, there is no burden imposed on defendant to free itself from a liability under its contract with plaintiff, predicated only on the admitted fact that it manufactured metal baskets. It is only for royalties on metal baskets, manufactured by it, which are within the scope of and are covered by plaintiff's patents, that liability to answer to plaintiff can arise. The defendant admitting that it manufactured the number of metal baskets shown in its statement made in pursuance of the order, but denying that such baskets were within the scope of plaintiff's patents, no presumption arises that they were such baskets, and therefore within the terms of its contract with plaintiff. The burden still rested on plaintiff to show that the metal baskets which defendant manufactured were within the scope of his patents; and defendant could not, therefore, be required to prove that they were not. Hyatt v. Ingalls, 124 N. Y. 93–107, 26 N. E. 285.

Another serious objection to the judgment which defendant urges is the amendment of the pleadings, made after the direction and rendition of the verdict, to conform the pleadings to the proof. As a new trial must be granted upon the first ground above stated, and as the objection on the last ground affects only a part of the recovery, it does not seem to be material to discuss this point at present.

The judgment and order appealed from should be reversed, with costs to appellant to abide the event.

Judgment and order reversed, with costs to appellant to abide the event.

SPRING, WILLIAMS, and KRUSE, JJ., concur.

McLENNAN, P. J. (dissenting). Before the commencement of this action there had been a final judicial determination as to what metal baskets manufactured by the defendant entitled the plaintiff to a royalty under the terms of a contract entered into by the parties. By the terms of such contract the plaintiff furnished the tools and dies to the defendant to enable it to manufacture the baskets which are the subject of this controversy. In such prior action, the judgment in which was affirmed by this court (90 App. Div. 611, 85 N.

Y. Supp. 1126), there was absolutely no dispute but that the baskets manufactured by the defendant were manufactured by means of the tools and dies furnished by the plaintiff. In other words, it was not suggested that any metal baskets manufactured were so manufactured except by means of such tools and dies, and so far as appears they could not have been manufactured otherwise. In that case the judgment recovered, which was affirmed by this court, awarded to the plaintiff the royalties to which he was entitled by the terms of such contract until the rendition of such judgment. Thereafter this action was commenced to recover such royalties as had accrued to the plaintiff by reason of the continued manufacture by the defendant of such baskets after the rendition of such judgment and while an appeal therefrom was pending in the Court of Appeals. This court held that the complaint setting forth the facts indicated stated a good cause of action (110 App. Div. 443, 96 N. Y. Supp. 968), and the Court of Appeals affirmed such decision. Prior to the service of the complaint the plaintiff obtained an order requiring the defendant to make discovery of its books, showing practically the solid sheet metal baskets and pieced sheet metal baskets made by it between the 30th day of September, 1902, and the 10th day of October, 1904, or permitting the defendant, in lieu of showing such books, to deliver a statement of the baskets so made by it. The defendant availed itself of such option, and delivered to the plaintiff such a statement. The plaintiff, practically in lieu of giving evidence of what defendant's books contained as to the number of baskets made by it, introduced the statement furnished by the defendant as proof of such facts, and, after proving the other necessary facts, rested. The defendant gave no evidence contradicting such proof, but seeks to impugn the validity and force of such statement upon the ground that by its precise terms and the terms of the order under which it was given it is not necessarily a correct statement of the baskets made by the defendant under the contract between it and the plaintiff, and under which it was liable to pay royalties.

It seems to me that such statement was prima facie evidence that the baskets therein mentioned were manufactured under the contract adverted to and with the tools and dies furnished by the plaintiff, and that such statement was sufficient upon which to base a recovery in so far as the amount of damages was concerned; that under such circumstances it was incumbent upon the defendant to have proved, if it could, that the number of baskets included in its statement were not manufactured under the contract by virtue of which the plaintiff was seeking to recover. It seems to me that the defense interposed is technical in the extreme, is without substance, and ought not to be sanctioned. Of course, the plaintiff did not know, and could not have known of his own knowledge, the number of baskets manufactured by the defendant under the contract. He could only learn such facts from an inspection of the defendant's books or from an examination of its officers or employés. He made application to the court for such inspection or examination, and, rather than submit to the same, the defendant offered to furnish a statement of the facts, which the plaintiff accepted and relied upon and put in evidence upon the

trial. We think the defendant ought not now to be heard to suggest that the statement so furnished did not contain the information necessary upon which to base a claim for damages, provided the other necessary facts existed.

It seems to me that the judgment appealed from should be affirmed, with costs.

(121 App. Div. 268)

### ELLINGSEN v. LINDSTRAND.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

ANIMALS—PERSONAL INJURIES BY DOGS—ACTIONS—QUESTION FOR JURY.

In an action for being bitten by a dog, where there was evidence from which the jury could have found that the dog was ferocious, that he had been kept by the defendant for several years with knowledge of the vicious disposition, and that plaintiff was without fault, it was error to dismiss the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Animals, § 268.]

Appeal from Municipal Court of New York.

