BENNETT v. IRONCLAD MFG. CO. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Appeal from Trial Term, Herkimer County. Action by Lewis Bennett against the Ironclad Manufacturing Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted. Frederick Mellor, for appellant. Everett E. Risley, for respondent.

KRUSE, J. The plaintiff is the patentee of certain metal seamless baskets. He made a contract with the defendant, granting the right to make and sell the same, and the defendant agreed to pay therefor, as a royalty, at a fixed price. It is contended by the plaintiff that the defendant made and sold baskets for which the royalty has not been paid. The action is brought to recover the same, and a verdict was rendered in plaintiff's favor for the sum of $540. From the judgment entered thereon, and the order denying the defendant's motion for a new trial, the defendant appeals. The case has been before us once before, and a judgment in favor of the plaintiff was reversed, and a new trial granted. Bennett v. Ironclad Manufacturing Company, 121 App. Div. 133, 105 N. Y. Supp. 593. The crucial fact in controversy between these parties is not the number of seamless baskets which the defendant manufactured and sold. That does not seem to be in dispute, but whether any of them, and, if so, how many, were of the kind and embodied the special features and are covered by the contract between the parties. The defendant contends, and has contended all the way through this litigation, that since the judgment in the action between these same parties declaring the contract forfeited and canceled (Bennett v. Ironclad Manufacturing Company, 90 App. Div. 611, 85 N. Y. Supp. 1126) it has not manufactured or sold metal baskets of the description or kind covered by the contract. I do not see that the plaintiff's case is any stronger than it was when here before, and we reversed the judgment. There is more evidence of the same kind, but it is lacking in probative force upon the question in dispute. The essential element showing that the defendant manufactured and sold baskets embodying the special features named in the contract is

wanting. I think the judgment should be reversed, and a new trial granted.

WILLIAMS, J., dissents.

